The opinion of the Court was afterwards delivered by
Parsons, C. J.
We are satisfied that the judge was correct in rejecting the plan. Anciently, the land was not described in the declaration; but the plaintiff was bound to give the defendant a view. (a) The practice here has been to describe the land in the declaration, and, if necessary, to send the jury to view it. But to supersede the necessity of either of those views, a very convenient practice has arisen, — to have a plan taken under a rule of the Court by a surveyor, appointed by the Court, or agreed upon by the parties, who is sworn to the faithful execution of the trust, as are *a!so the chain-bearers. And his duty is to give [ *410 ] notice to the parties, and to mark on the plan any monuments or lines, which either of the parties shall request. A plan taken ex parte can never be used but as chalk, unless by consent.
As to the other exception, it is very clear that the defendant’s intestate, being in possession, claiming a fee simple in the land, was able to convey. So the covenant of seisin was not broken. And, to entitle the plaintiff to recover on the covenant of warranty, he must show an actual eviction, or ouster, by a paramount title. (b)

Judgment according to verdict.

Memorandum. — May term, 1806, at Portland, Ezekiel Whitman, Esquire, and June term, 1806, at Wiscasset, James D. Hopkins, Esquire, were appointed examiners of candidates for admission as counsellors and attorneys within the county of Cumberland.

а) [In the English practice, a view is not granted as a matter of course. Roscoe's Real. Actions, 247—256. — Ed.]

б) [Vide Prescott vs. Trueman, post, 627. — Twambly vs. Henley, post, 441. — Ed.]