# CASES

IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF YORK, APRIL TERM, 1841.

HENRY BOOTHBY *versus* EBENEZER HATHAWAY.

A suit for the breach of the covenant for quiet enjoyment, cannot be maintained without proof of an actual eviction.

A deed of a collector of taxes under which the grantee has entered and continued in possession, claiming and exercising exclusive control of the premises conveyed, is admissible in evidence to show the nature and extent of his claim, without proof that the grantor was a collector of taxes.

An entry under a deed from one having no title, is evidence of a seizin arising by disseizin.

A seizin in fact in the grantor, under color of, though without legal title, is a defence to a suit for a breach of the covenants of seizin.

THIS was an action of covenant broken, and was founded on the breach of the covenants of seizin and good right to sell and convey lots No. 9, and 15, in Conway, N. H.

From the report of EMERY J. who tried the cause, the following testimony was introduced.

The plaintiff produced the deed of the defendant to him of the above named lots dated April 23, 1827.

The plaintiff then offered a copy of the proceedings of a meeting of the Masonian proprietors, holden at Portsmouth, July 24, 1782, by which it appeared that a survey and plan of the town of Conway, had been made, in which fifteen lots of an hundred acres each, had been reserved to the proprietors; and that the proprietors being desirous of making a severance of said reservation, passed the following vote: " Voted, that a

severance be now made of said reservation agreeably to said plan, by a draft of the lots agreeably to the numbers as therein marked or laid down, and that the lots now drawn to each of the fifteen original proprietors' rights or shares shall be a severance of said reservation to each of said proprietors' rights or share therein, as drawn and entered to each of them; to have and hold the same in severalty to each of them and their heirs and assigns as so drawn and entered."

It further appeared, that No. 9, was drawn by Theodore Atkinson, and No. 15, by Thomas Parker. The plaintiff then introduced a quitclaim deed from George K. Sparhawk, who derived title from said Atkinson, to Robert Boothby, a son of the plaintiff, dated April 18, 1838, conveying to him lot No. 9. The consideration of said deed as expressed therein was five dollars.

The plaintiff also introduced a quitclaim deed from Asaph Evans and Almira B. Evans, dated April 14, 1838, for the consideration of ten dollars, conveying to said Robert Boothby an undivided half of lot No. 15; likewise a deed from Joseph Dearborn to Simeon Eaton, dated Jan. 23, 1836, conveying to him, for the consideration of one dollar, an undivided half of said lot No. 15. The plaintiff likewise introduced evidence showing that the said Dearborn and Evans had acquired by deed and by descent, the title of Thomas Parker.

The defendant offered the deed of Thomas F. Odell, collector of taxes for the town of Conway, dated March 12, 1810, conveying to William Foss lot No. 9, and also the deeds of Benjamin Osgood, collector of taxes, dated March 31, 1820, conveying to him lots No. 9 and 15; also the deed of Thomas F. Odell, dated Dec. 1821, conveying to him the same lots — all which deeds were rejected, because the authority of said Foss, Osgood, and Odell, as collectors of taxes, and the preliminaries to establish a tax title, were not proved. The plaintiff likewise produced a deed dated Oct. 5, 1818, from Wm. Foss to him, conveying lot No. 9 to him. All the deeds offered or introduced were executed in New Hampshire, and were duly acknowledged and recorded.

There was evidence tending to show that the defendant, after he acquired his title, entered into possession of and exercised control over these lots; and that the plaintiff, after receiving his deed, entered into possession of said lots, and has continued in possession of the same.

It further appeared that Robert Boothby was a son of the plaintiff, and was about twenty-three or twenty-four years old, and lived with him.

The question of damages is to be settled by additional testimony to the Court or jury, if in the opinion of the Court the action can be maintained; if it cannot be maintained, the plaintiff is to become nonsuit.

*J. Howard,* for the plaintiff. An action of covenant broken, assigning for breaches that the defendant was not seized, and had not good right to sell and convey, brings the title to real estate in question. *Beckford* v. *Page,* 2 Mass. R. 455. The collectors' deeds were properly rejected. They could not be read to the jury for any purpose whatsoever material to this case, under the laws of New Hampshire, without first showing the authority of the collectors to sell, and the regularity of their proceedings. *Waldron* v. *Tuttle,* 3 N. H. R. 340; *Pro. of Cardigan* v. *Page,* 6 N. H. R. 182. The land being in New Hampshire, and the deeds there made and executed, the construction and effect of these deeds are to be determined by the law of that State. *Powers* v. *Lynch,* 3 Mass. R. 77; *Baker* v. *Wheaton,* 5 Mass. R. 509; *Winthrop* v. *Carleton,* 12 Mass. R. 4; *Pearshall* v. *Dwight,* 2 Mass. R. 84; *Blanchard* v. *Russell,* 13 Mass. R. 4; *Hull* v. *Blake,* 13 Mass. R. 153; Story's Conflict of Laws, 75, 194; *Cutler* v. *Davenport,* 1 Pick. 8; *Goodwin* v. *Jones,* 3 Mass. R. 520. The grantee may voluntarily yield the possession to one having good title, without impairing his claim for damages. *Hamilton* v. *Cates,* 4 Mass. R. 349. The collectors' deeds being rejected, the defendant has shown no title, and is liable in damage.

*D. Goodenow,* for the defendant. Actual possession is *prima facie* evidence of legal seizin. *Newhall* v. *Wheeler,* 7 Mass. R. 189. A deed of conveyance by one without title,

and an entry under such deed, is a disseizin of the owner. *Warren* v. *Childs,* 11 Mass. R. 222. The covenant of good right to convey is not broken, if the grantor was in fact seized either by wrong or by a defeasible title. *Twombly* v. *Hawley,* 4 Mass. R. 44; *Marston* v. *Hobbs,* 2 Mass. R. 439; *Prescott* v. *Freeman,* 4 Mass. R. 627. The evidence shows the defendant at the time of his conveyance was in possession, claiming to be seized in fee. The plaintiff, by his conveyance, acquired a seizin of the premises granted. The collectors' deeds should have been received for the purpose of showing the extent and limits of the defendant's seizin. *Bearce* v. *Jackson,* 4 Mass. R. 408; *Little* v. *Megquire,* 2 Greenl. 176; *Kennebec Purchase* v. *Laboree,* 2 Greenl. 273. The defendant being seized at the time of his conveyance, whether his title be good or bad, is not liable on his covenants of seizin. There is no proof that the Masonian proprietors had title to the premises, or that the individuals drawing the lots were proprietors.

The opinion of the Court was by

WHITMAN C. J. — This was an action of covenant broken, on a deed of warranty of the title to land. The covenants, the breaches of which are assigned, are that the plaintiff was seized in fee, and had good right to sell and convey the premises described, and that he would warrant and defend the same against the lawful claims and demands of all persons. The lands conveyed were situated in New Hampshire: and the title to them must be considered with reference to the laws of that State. Such laws, when necessary to the maintenance of an action in this State, must be proved to be in force there; and the burthen of such proof is upon the party, who must depend upon it, to sustain his side of a cause. It may, perhaps, be presumed, or be taken for granted, that the laws of that State, aside from statutory regulations, do not, in general, vary essentially from those of Maine and Massachusetts: all three of those states having formerly been under the same jurisdiction; and deriving their common law principles from the same great source: and it is a matter of notoriety, that the

Boothby *v.* Hathaway.

statutory regulations of those states, often times, bear a very great similitude to each other: and the cases decided, as contained in the books of reports, are interchangeably, resorted to for an exposition of legal principles.    The very case decided in New Hampshire, and by the counsel for the plaintiff in his argument, cited and relied upon with much emphasis, as maintaining his positions, would seem to have been considered as finding its support in the authorities cited from the Massachusetts reports, in the arguments of the counsel in that case.    No others were referred to, either by them or the Court.    And we are not aware that the law in this State would be adjudged otherwise, than as decided in that case.

The plaintiff having brought his action, averring breaches of covenant on the part of the defendant, the burthen of proof is upon him to sustain his allegations.    Although in the writ there is an averment of the breach of the covenant for quiet enjoyment, it would scarcely seem to be pretended that the proof supports the allegation.    In fact there does not seem to have been any evidence of an actual eviction; without which the action, upon that ground, could not be maintained.

The reliance, it may be presumed, is placed upon the other supposed breaches : as to which, it would seem to be undeniable, that the plaintiff, upon receiving his deed from the defendant, in 1827, immediately under and by virtue of it, took actual possession of the lots of land conveyed, and has continued that possession ever since ; furthermore that the defendant, for seven or eight years before his conveyance to the plaintiff, had exercised exclusive and uninterrupted control of the same lots.    This fact, we think, would have authorized the introduction of the deeds from Foss and Osgood to the defendant, by way of showing the nature and design of his acts of ownership.    Under the authority of the cases of *Marston* v. *Hobbs*, 2 Mass. R. 433, and *Bearce* v. *Jackson*, 4 Mass. R. 408, the principles recognized as sound law, in which we see no reason to doubt, would be held to be in force in New Hampshire, we think, would authorize us to consider that an entry under a deed, although from one having no right or title in

himself to convey, might tend to show a seizin, created by a disseizin, whereby the former or rightful owner might be ousted. Considering the lapse of time, before and after the conveyance to the plaintiff, during which every act of ownership and possession of the lots in question, has been done exclusively, so far as appears, by the defendant and the plaintiff, we deem it quite evident, that the defendant must be considered as having had, at the time of his conveyance to the plaintiff, good right to convey; and that he had, at the same time, what in law may be denominated a seizin in fee; and, therefore, that the covenants, in reference thereto, have not been broken.

A further presumption, if any were needed, in favor of the seizin and right to convey, on the part of the defendant, arises from the neglect of those in whom the plaintiff supposes the title to have been, from 1782 till very lately, to assert any title to the premises. The nominal consideration, merely, for which the supposed proprietors parted with whatever title they might seem to have had, would indicate no very serious intention of their having ever intended to make, for themselves, any claim to the premises. Their titles; if any they had, were, in a good measure, dormant. And the case is not without evidence, although of a circumstantial nature, tending to raise a strong presumption, that the raking up of this supposed adverse title, was by the procurement, or at least by the connivance, of the plaintiff, but for which it might never have appeared. It may well be remarked that no grant is produced to Atkinson and others — no law exhibited authorizing any proceedings as a proprietary body by them — no specification of the object of calling any meeting — no evidence of any notification of one — no evidence that the records of the proprietors are lost, and therefore cannot be produced — no evidence of the acceptance and ratification of the division, by taking and continuing possession under and according to it. In the absence of all these particulars, no presumptions can or ought to be made, in favor of the supposed title under the division. A nonsuit, therefore, as agreed by the parties, must be entered.