## Case No. 7,841.
### KIRKENDALL v. MITCHELL.
[3 McLean, 144.] 1

Circuit Court, D. Indiana. May Term. 1843.

DEEDS—WARRANTY—COVENANTS OF SEIZIN—USAGE.

1. In a deed of general warranty it is not necessary to use the word "warrant," if other words of equal import shall be used.

2. Under a covenant to convey a certain tract by "a good general warranty deed, with the fee simple annexed," a covenant of seisen is not essential.

[Cited in Scott v. Twiss. 4 Neb. 138.]

3. Usage. as to the forms of deeds, cannot be disregarded.

At law.

Mr. ——, appeared for plaintiff.
Mr. Bright, for defendant.

OPINION OF THE COURT. This action is brought on a bond in the penalty of ten thousand dollars, with a condition that on the payment of twenty-five hundred dollars, in certain instalments by the defendant, the plaintiff should make "a good and general warranty deed with the fee simple annexed" for a certain tract of land, containing one hundred and sixty acres. The defendant prayed oyer of the bond, and says, that the plain-

1 [Reported by Hon. John McLean, Circuit Justice.]

tiff has not nor did at any time before the commencement of this suit or since, convey to said defendant or tender or offer to convey to him by good and general warranty deed, &c. The plaintiff replied that he was the true absolute and legal owner of the land when it was sold, clear of all incumbrances in fee simple, was in possession. &c. That defendant was put into possession at the time of the contract, and continues to occupy the same for his own benefit, &c., free from all incumbrances; that before the commencement of the suit, to wit, the 1st April, 1841, plaintiff executed and acknowledged a good legal and sufficient deed of conveyance of general warranty in fee simple, clear of all incumbrances, to said defendant, and tendered it to the defendant, before the suit was commenced, &c. To this replication the defendant demurred.

Two objections are taken to the deed tendered: 1. As to the warranty. 2. That it contains no covenant of seisen. The plaintiff was bound to make to the defendant "a good and general warranty deed, with the fee simple annexed;" &c. It is objected that the usual word "warrant" is not used in the deed. The grantor covenants to defend the title against the claim of all and every person, to the grantee, his heirs and assigns forever. Now although the covenant would have been more formal had the word "warrant" been introduced; yet the covenant is binding without it. the same as if the word had been used. The omission is no doubt chargeable to a clerical error. There is no covenant of seisen, and it is contended that this was essential to comply with the bond. That this is one of the covenants usually contained in a deed of fee simple. This covenant is nothing more than that the grantor is seised of the premises, and if he was not seised he is liable to an action on this covenant, at any time, without an eviction of the grantee. But under a general warranty he is not liable, until the grantee shall be evicted by a paramount title. If the grantor was seised in fact, though under a disseiser, it is sufficient. Bearce v. Jackson, 4 Mass. 408. Chancellor Kent (in his 4 Comm. 471) says "the usual personal covenants inserted in a conveyance of the fee, are 1. That the grantor is lawfully seised; 2. that he has good right to convey; 3. that the land is free from incumbrances; 4. that the grantee shall quietly enjoy; 5. that the grantor will warrant and defend the title against all lawful claims."

The deed under consideration contains a covenant against incumbrances, and a general warranty of the title. It is not objected, however, that there is no covenant for quiet enjoyment, nor that the grantor has right to convey, but only that there is no covenant of seisen. This is a personal covenant and the weight of authority is, that it does not run with the land. Under the covenant against incumbrances, the grantee, before any action, may pay off the incumbrance, and bring his

action against the grantor. Prescott v. Trueman, 4 Mass. 627. This question may, in some degree, be influenced by general usage. In this country deeds are far less formal, even where the fee is conveyed, than is thought necessary in England. And no one can fail to observe the useless verbiage contained in ancient deeds. Certain technical words, or their import, are essential to a conveyance in fee simple; and beyond these the fewer words used to describe the premises with certainty, and the intention of the parties, the better. The five requisites above stated, it is believed, are rarely contained in a deed of conveyance in this country; and we think they are not, all of them, and especially the covenant of seisen, necessary to constitute a good and general warranty deed, with the fee simple annexed, in the language of the contract in this case. The demurrer is overruled, and judgment.