McCampbell v. Vastine.

9 Wend. 433; 1 Bur. Pr. 386; 5 Wend. 228; 20 John. R. 16, and the authorities there cited, 4 Iowa 476; 12 Verm. 252.

*Casady, Crocker & Polk* for the appellee.

-----

## McCampbell v. Vastine.

1. PLEADINGS: BREACHES OF COVENANTS. In pleading a breach of a covenant of warranty, the negation of the covenant should relate to the title at the time of the conveyance.
2. SAME. In pleading a breach of covenant, the covenants which it is alleged were broken, should be set out in the pleadings. The practice of merely setting out the deed containing the covenants as a part of the pleadings condemned.

*Appeal from Keokuk District Court.*

SATURDAY, OCTOBER 6.

ACTION by McCampbell on a promissory note executed to him by Vastine. The defendant by his amended answer claimed an offset of five hundred dollars, damages sustained by reason of an alleged breach of covenant, as follows: "That on the 11th day of February, 1859, said plaintiff and his wife executed to the defendant a deed for a tract of land, * * * thereby covenanting to this defendant a good and sufficient title to one hundred and twenty acres of land therein described. Defendant states that plaintiff had no title whatever to said land, that there was but fifty acres included in said deed, and that said land was of the value of fifteen dollars per acre, the consideration mentioned in said deed, to wit: the sum of fifteen hundred dollars," &c. To this the plaintiff demurred, and his demurrer was sustained by the court. Judgment for plaintiff and defendant appeals.

*G. D. Woodin* for the appellant, cited *Funk* v. *Creswell et ux.*, 5 Iowa 62; Dart's Vendors & Purchasers 300; Sugden on Vend. 357, 764; 4 Kent 538; *Richardson* v. *Dow*, 5 Verm. 1; *Cervell* v. *Jackson*, 3 Cush. 506; *Brandt* v. *Foster et al.*, 5 Iowa 295.

*J. M. Casey* for the appellee.

WRIGHT, J.—The demurrer to defendant's amended answer was properly sustained.

Granting that it would be sufficient, as a general rule, to negative the words of the covenant contained in the deed, the negation should relate to the title *at the time of the conveyance.* This answer says that "plaintiff had no title whatever to said land," &c., but whether this want of title was before or after the conveyance is not averred.

Not only so, but it was not sufficient to allege merely a failure of title. In *Brandt* v. *Foster et al.*, 5 Iowa 287, the practice of setting out the deed as a part of the answer was condemned; STOCKTON, J. saying that it would have been bet-

ter "to set out the covenants claimed to have been broken, upon the breach of which defendants rely for their defense." In that case however, besides setting out the deed, defendants aver that plaintiff had no valid title at the date of the deed, but that the title to the same was in one Snyder, who had subsequently given notice to defendant Foster to quit the possession, &c. In this case the answer contains no such averment. It is said that at some time, (but when, is left entirely indefinite,) plaintiff had no title, but who had the title even at this indefinite time is not stated.

The answer instead of showing a failure in the quantity of the land conveyed, shows that defendant obtained at least twenty acres more than the aggregate claimed and set up therein.

Judgment affirmed.