Baker v. Corbett.

## BAKER v. CORBETT, Administrator.

1. Conveyance: VENDOR AND VENDEE : FAILURE OF TITLE : MEASURE OF DAMAGES. Where a vendee holding a contract for the conveyance of certain real estate pays a part of the purchase-money, and enters into possession of the premises, under the vendor, and it is afterward ascertained that the title of the latter is defective, and the vendee buys in the outstanding paramount title, the measure of damages in an action by him against the vendor is the same as it would have been had a warranty deed been executed by the latter to the vendee, instead of the contract or title bond.

2. —— The measure of damages in either case would be the amount paid by the vendee in the purchase of the outstanding title, with interest thereon.

3. —— Nor would the rule be changed by the fact that the vendor or his representative refused to execute a warranty deed when demanded by the vendees, and tendered, instead, a quitclaim.

*Appeal from Linn District Court.*

WEDNESDAY, DECEMBER 15.

ACTION upon a bond executed by I. L. Allen, to plaintiff, for the conveyance of certain real estate. The cause was referred, and upon the report of the referee judgment was rendered against defendant for the sum of $140.38. Plaintiff appeals. Pending the appeal, Allen died, and his administrator is substituted as defendant. The further facts are stated in the opinion.

*W. H. Stivers* for the appellant.

*Thos. Corbet* for the appellee.

BECK, J.— On the 11th day of July, 1864, Allen, in consideration of $200 cash paid, and plaintiff's note for $200, due in five years, with ten per centum per annum interest, payable annually, executed the instruments sued on, binding himself to convey to plaintiff, by warranty deed, certain lands therein described; subsequently, plaintiff paid to Allen upon the note $100.

1. CONVEYANCE: vendor and vendee: failure of title: measure of damages.

On the 8th of July, 1867, plaintiff tendered to the guardian of Allen, who had become insane and was under guardianship, the balance due on the note, and demanded a deed for the land. The guardian refused to execute a warranty deed, but tendered to plaintiff a quitclaim. The guardian was empowered by the County Court to convey the land. 'The title held by Allen was derived under a tax sale and deed made and executed prior to his bond to plaintiff. On account of certain irregularities, it was admitted, upon the argument in this court, that this title is defective. Plaintiff entered upon the possession of the land under the purchase from Allen, and the bond

made by him. On the 27th day of December, 1866, plaintiff purchased the outstanding title for $280. The title so acquired is admitted to be the paramount, fee simple title.

The only question made upon the record, and presented in the argument of counsel, is as to the measure of damages which plaintiff should recover in this action. Appellant's counsel insists that he should recover the value of the land at the time of the tender of the balance of the purchase-money and of the demand of the warranty deed, while appellee claims that the measure of damages is the amount paid by plaintiff in the purchase of the paramount title. The bond executed by Allen, and the entry and possession under it by plaintiff, as between the parties, operated as though Allen had executed to plaintiff a warranty deed. Whatever interest, claim or title Allen held in the land was equitably vested in plaintiff. The legal title, it is true, remained in Allen, but was held by him as a trustee for plaintiff. It is clear that such would have been the rights and relations of the parties had Allen been seized of the fee simple title when he executed the bond. The rights and relations are not changed by the fact that Allen does not hold the paramount title to the land. The bond, with possession under it, was more than a mere contract to convey the land. The plaintiff went into possession under Allen, and acquired all the rights that Allen could have conferred by a warranty deed. Plaintiff must be considered as holding, against defendant, such rights and no others as would have been acquired by him had Allen executed, instead of the bond, a warranty deed.

The fact that the guardian of Allen refused to execute a warranty deed, and tendered a quitclaim, in the view we take of the case, does not give plaintiff in this action the right to recover a greater amount than he would have

been entitled to recover had the warranty deed been executed and delivered. Plaintiff admits that he has acquired the perfect fee simple title by purchase; upon this fact he bases his right to recover. The execution and delivering to him of a warranty deed, upon his demand therefor, under this state of facts, would have given him no additional protection, and, as we have seen, would have conferred upon him no other or different rights than he holds without it. We conclude, therefore, that plaintiff should recover the same amount to which he would have been entitled had Allen executed a warranty deed instead of the bond. The measure of damages in such case is the amount paid to purchase the paramount outstanding title, with interest. *Brandt* v. *Foster et al.*, 5 Iowa, 287; *Galloway* v. *Finley et al.*, 12 Peters, 294.

The plaintiff of course is liable to defendant for the amount of the purchase-money of the land remaining unpaid, which was properly deducted from the amount of damages thus ascertained. The cases cited by appellant in support of his position, so far as we have examined them, are those relating to purely executory contracts, where the vendee did not enter into the possession under the vendor, as in the case before us. This difference of facts sufficiently explains the grounds for a different rule in determining the damages recovered by the vendees in those cases. In determining the measure of plaintiff's damages, we attach no weight to the facts that the deed tendered by defendant was a quitclaim, and that defendant has not conveyed the land in accordance with the provisions of the bond. We are of the opinion that a conveyance of the character required by the bond may yet be made by the defendant. As the counsel of defendant, in argument, expressed a willingness that a proper warranty deed be made to plaintiff, in fact pro-

posed that defendant be required to execute such an instrument, it will be so ordered. The judgment of the District Court will stand affirmed in case a proper warranty deed is executed and delivered by defendant, to plaintiff, within sixty days, for the lands described in the bond.

Modified and affirmed.