59   701
f133   543

SNELL v. IOWA HOMESTEAD CO.

1. **Vendor and Vendee;** COVENANTS OF WARRANTY: LIABILITY OF VENDOR: MEASURE OF DAMAGES. In this case the defendant conveyed to one S., with the usual covenants of warranty, certain land to which it had no title. S. afterwards mortgaged the land to the plaintiff to secure the payment of certain notes, the mortgage containing the following recital: "The intention being hereby to convey an absolute title in fee simple." S. afterwards conveyed the land to J. C., subject to the mortgage to plaintiff, and J. C. afterwards conveyed to M. C., who perfected her title by securing a conveyance from the real owner, the amount paid by her therefor not appearing. Plaintiff herein sues the defendant upon the breach of its covenants of warranty, to recover the amount due on his mortgage notes, but the court *held* that neither S. (the original grantee), nor any one holding under her, could buy in the paramount title, and recover of the defendent more than the amount paid therefor, with interest; and that she could not, by her mortgage to plaintiff, have conveyed to him any greater rights against defendant than the she herself possessed; and since it does not appear how much M. C. paid for the paramount title, plaintiff is entiled upon the record to only nominal damages.

*Appeal from Buena Vista Circuit Court.*

SATURDAY, OCTOBER 21.

THIS is an action for the breach of covenants in a deed of conveyance of real estate. The cause was tried to the court, and judgment was entered for the plaintiff for $1,007.72. The defendant appeals. The facts are stated in the opinion.

*Hubbard, Clark & Dawley,* for appellant.

*Detrick & Snell,* for appellee.

DAY, J.—The cause was submitted to the court below upon an agreed statement, showing the following facts: On the 28th day of November, 1864, the Iowa Homestead Company, in consideration of $501.38, conveyed the property in controversy to one Mary Stine. On the 21st day of May, 1866, Mary Stine executed a mortgage upon said property to

Thomas Snell to secure the payment of two promissory notes, one for $125.25, and the other for $328.59, the mortgage containing the following recital: "The intention being to convey hereby an absolute title in fee simple." On the 5th day of November, 1866, Mary Stine, in consideration of $3,000, conveyed said land to Jacob Crouse, subject to the mortgage to Thomas Snell. Afterward the property was conveyed to Mary Crouse. The land in controversy is included in the lands granted to the State of Iowa, and by the State to the Des Moines Navigation and Railroad Co. The only claim of title the Iowa Homestead Company had to said land at the date of its conveyance to Mary Stine, or at any time thereafter, is under a conveyance from the Dubuque and Pacific Railroad Company. The Supreme Court of the United States, in case of *Homestead Co. v. Valley Railroad Company*, 17 Wall., 161, and other cases upon the same state of facts affecting the title as in this case, decided that the Dubuque and Pacific R. R. Co. had nothing at all in said land, and that the same passed to the Des Moines Navigation and Railroad Co. under the grants by Congress to the State of Iowa, and the conveyance from said State to said company. Mary Stine at the date of the deed from the Homestead Company to her for said land, took possession thereof, and she and her grantees remained in possession thereof under said conveyance until July 7th, 1875, when Mary Crouse, the last grantee under the conveyance from said Homestead Company, purchased the title thereto through a conveyance from said Des Moines Navigation and Railroad Co. The agreed statement does not show what Mary Crouse paid for the conveyance to perfect her title. The court found for the plaintiff the amount of the note for $328.59, with interest compounded at eight per cent, the plaintiff having waived all claim to recover on the other note. The appellant insists that, as the conveyance from Mary Stine and Jacob Crouse was in terms subject to the prior mortgage to Thomas Snell, the subsequent perfecting of the title by Mary Crouse

enured to the benefit of Thomas Snell; that his title was then perfected, and there has been no breach in the covenants as to him.

In the view which we take of the case we do not deem it necessary to determine this question. The conveyance of the Iowa Homestead Co. to Mary Stine subjected the company to certain liabilities, and conferred upon it certain privileges. The grantee of the Homestead Co. took possession of the land under the conveyance. If she and those holding under her had remained in adverse possession under this conveyance for ten years, their title, defective at first, would have ripened into a perfect title, and there would have been no liability upon the part of the defendant on the covenants in its deed. If, however, the grantee of the defendant, or any one holding under her, had been evicted under a paramount title, the defendant would have been liable upon its covenants to the extent of the consideration received, and interest. The defendant, however, had a right at any time before eviction to buy in the outstanding title, and thus perfect the title of its grantee, and escape liability upon its covenants. The grantee of the defendant, however, was not bound to wait until actual eviction, but she also might buy in the outstanding title, thus suffering a constructive eviction, and recover of the defendant, her grantor, the amount paid for the outstanding title, if such amount was reasonable. Now, if no mortgage had been executed, neither Mary Stine nor any one holding title under her could buy in the outstanding title and recover more than was paid for it with interest.

It seems to us evident that Mary Stine could not convey to her grantees a greater right than she herself possessed. She could not, by executing a mortgage to one party, and a conveyance of the equity of redemption to another, deprive her grantor of the right which he possessed to protect himself by buying in the outstanding title, nor render him liable for more than was paid by any one holding under him for such title. It does not appear what Mary Crouse paid

for the outstanding title. There is, therefore; in the case, no basis for the recovery of more than nominal damages. See *Brandt v. Foster*, 5 Iowa, 287; *Baker v. Corbett*, 28 Id., 317; *Thomas v. Stickle*, 32 Id., 71; *Richards v. Iowa Homestead Co.*, 44 Id., 304. In rendering judgment for the amount of the note secured by the mortgage and interest, the court erred.

REVERSED.