JOHN W. CHILDRESS *against* JOHN FOSTER.

ERROR *to Independence Circuit Court.*

Covenants are to be so expounded as to carry into effect the intention of the parties; and this intention is to be collected from the whole contents of the instrument, so as to make an entire and consistent construction of the whole; and should be such as to support, rather than defeat the transaction.

The breach should be assigned in the words of the covenant, either negatively or affirm-atively, or in words co-extensive with the import and effect, if, in so doing, a breach is shown.

When any thing is to be done by the plaintiff, before his right of action accrues on the covenant, performance of that thing must be averred in the declaration.

No technical words are necessary to make a condition precedent or subsequent. Whe-ther a condition be one or the other is to be determined by the intention and mean-ing of the parties, as it appears on the instrument, and by the application of common sense to each particular case; to which intention, when once discovered, all techni-cal forms must give way.

Where the right of action depends upon the performance of a condition precedent by the plaintiff, if the declaration does not allege performance, the omission is not cured by verdict.

Where a covenant is that, as A has obtained judgment against B, the books of A shall, at any time, be examined by B, or any person he may choose, for the years 1836 and 1837, containing B's account with A; and if it should appear on examination that there are any errors or mistakes on the books in B's account, he should be credited for them on the judgment; and the breach is, that he did not permit his books to be examined by the plaintiff or any person he might choose; the defect was fatal after verdict.

There could be no right of action, without an averment that B requested A to permit him to examine the books; or that he gave him notice that he, or the person he had chosen, was ready and willing to examine them, and that he offered to do so, or some equivalent averment.

This was an action for breach of covenant, on bond, with penalty for the performance of the covenant. The plaintiff, in his declara-tion, sets out the condition: "That myself and Paxton Tucker have this day obtained judgment in the circuit court for said county against said Foster; and I agree with said Foster that my books shall, at any time, be examined by said Foster, or any person he may choose, for the years, A. D. 1836, and .'37, containing the said Foster's account with myself and said Tucker, and if it does appear, upon examination of the whole account, that there are any errors or mis-takes in the same, Foster shall be allowed the same, and credited with the amount of any errors or mistakes, in any of the charges against him, upon said judgment. And the said Childress agrees not to issue

Childress *against* Foster.

any execution upon said judgment, unless there is great danger of losing said debt, until the first day of May, A. D. 1839." The assignment of breaches is in the language of the condition: "That the defendant did not, at any time, permit his said books to be examined by the said plaintiff or any person he might choose." And, "That the said defendant, although there was no great danger of losing his said debt, did issue execution upon said judgment, before the first day of May, A. D. 1839." To this declaration the defendant demurred, and the demurrer was overruled. He, therefore, pleaded four pleas, to one of which a demurrer was sustained, and issue taken upon the other three; upon which, there were a verdict and judgment in favor of the plaintiff, and an appeal taken by the defendant.

The pleas were, *first*, that he was ready and willing to have his books examined; *second*, there was great danger of losing the debt, and the execution was issued by his attorney without his knowledge; *third*, there was great danger of losing his debt; and *fourth*, he did. not issue execution. At the trial on the issues to the 1st, 2d, and 3d pleas, the court instructed the jury that the penalty of the bond was to be taken as stipulated damages. After the verdict the defendant moved for a new trial, and then in arrest of judgment. Each motion was overruled, and he appealed.

WALKER and FOWLER, for appellant:

The sufficiency of the declaration was put in issue by the demurrer of the plaintiff to the second plea of the defendant; the defendant did not plead over, and it was the duty of the court to have rendered judgment for the defendant; if the declaration be defective, the action should have been debt, not covenant. See Revised Statutes of Arkansas; page 609; sections 1, to 8. The bond is without consideration and void. The condition of the bond was that the defendant would permit the plaintiff to examine his books, at any time. The breach, without giving time or place, and without averring a request and refusal, simply alleges that the defendant did not permit the plaintiff, at any time, to examine his books. It is insisted that the act to be performed by the defendant, in the very nature of the transaction, was dependent upon the demand or request of the plaintiff.

The breach is also defective in this: that, in order to subject the defendant to an action on his covenant, the declaration should have contained a positive averment, with time and place; that the defendant was not in great danger of losing his debt, for, although he might not have been in great danger at one time, still if he was, at the particular time of issuing the execution, he had a right to do so. The breach does not allege that the penalty has not been paid.

It is insisted that the judgment of the court is defective in this: the statute requires that the judgment should be rendered in debt, and execution issue upon the amount of damages assessed by the jury. See same page and sections, for this cause. The court should have sustained the motion of the defendat in arrest of judgment.

The instructions given by the circuit court, to the jury, were clearly erroneous. The Statute, 609, section 5th, positively directs that in such cases, the breaches shall be assigned, and a recovery had of the real amount of damages sustained. *In 2d J. J. Marshall, page* 399, it is decided that, in the action of covenant, judgment connot be rendered for the penal bond in covenant.

THOMAS JOHNSON, *Contra:*

The first objection raised to the record and proceedings in this case is, that the declaration is substantially and fatally defective. I presume that no rule of pleading is better and more universally settled than that where a party demurs to a declaration and is overruled, and then pleads over, that he never can, at any other stage of the case, raise the same objection. This doctrine has been recognised by this court in the case of *Jarret vs. Wilson,* 1 *Ark.* 137; and the authorities there cited. But an exception to the general rule is attempted to be set up in this case, on the ground that a demurrer was also filed by Foster, to the pleas of Childress and that said demurrer was sustained to one of said pleas; and it is therefore urged that, although the court had once pronounced the declaration sufficient, by overruling the demurrer, and that although the defendant below had waived all objections to said declaration by pleading over, yet, when the demurrer was filed to the pleas, the court should have gone back to the declaration and passed again upon the same points raised upon the first de-

murrer. If the defendant had put in his pleas to the declaration, without demurring, and the plaintiff had demurred to said pleas, there can be no question but that the court would then have examined the declaration, and, in case the declaration should have been found to be defective, would have decided in favor of the defendant, and correctly too, upon the ground that a bad plea is good for a bad declaration. But I contend that the court had no right to investigate that matter upon the demurrer to the pleas. By reference to 1*st Chitty's Pleadings, page* 325, the court will perceive that the breaches are amply sufficient, and, in case there should still be doubts upon the subject, the court will please refer to the Revised Statutes, by Ball and Roane, page 635, Sections 118 and 119, and to notice, in a special manner the ninth cause specified in the 118 section. The court will perceive by reference to Ball and Roane, page 637, and section 127, that if there be one good count, and the damages be entire, the verdict shall not be disturbed. The second objection is, that the writing sued on is a *nudum pactum.* I conceive it unnecessary to argue this point, as it is perfectly apparent, upon the face of the contract, that there was a sufficient consideration to bind both parties, and admitting that there was none, it is a sufficient answer to say that Childress put his seal to it, and has failed to impeach the consideration at the proper time and place. The third objection is, that debt, and not covenant, should have been brought in this case, and, in order to support the objection, he refers to the " Revised Code," page 608, which the court will at once perceive, has reference to bonds strictly penal, and none else. The court will perceive by reference to 1*st Chitty's Pleadings, page* 109, and also to *Comyn on Contracts, page* 42, *Lowe vs. Peers,* that covenant will be on a sealed instrument for a liquidated sum—the verdict in the above case being £1000 damages. The fourth objection is, that there is no allegation in the declaration, that the appellant ever broke the said covenant. I do not consider it necessary to argue this point, as it is only a repetition of the objection first made. The fifth objection is, that there is no allegation in said declaration, that said appellant has not paid said penal sum of one hundred and fifty dollars. This objection is answered in the first part of this argument. The sixth objection is, that the issues joined are

immaterial. I do not conceive it necessary to discuss a point which is apparent upon the record, and more especially when no reason is assigned in support of the objection. The sixth assignment is, that the name of but one juror appears in the record. This objection has been waived upon the record, consequently it is not necessary to discuss the point. The eighth assignment questions the correctness of the instructions of the court to the jury. I apprehend it is too late to urge this objection after a motion in arrest of judgment has been made and overruled by the circuit court; and more particularly when that motion was founded upon the same reasons set forth in the bill of exceptions. The law is, that a party may demur, move in arrest of judgment, or sue out a writ of error. Now I do not deny that this court can decide whether the circuit court should have granted a new trial or not, but I do deny that this court can reverse and correct the judgment of the inferior court, upon a motion in arrest of judgment. If there is any thing in the record and proceedings in this case, that would have authorised the circuit court to have arrested the judgment, the defendant had his election, to move in arrest of judgment, or to sue out a writ of error; but if he chose to submit the motion, and call upon the circuit court to decide the question, he thereby precluded himself from all advantages that he would have had in this court. However, I hold this argument to be wholly unnecessary, as the instructions of the court are strictly correct, and fully warranted by a fair and rational construction of the covenant. The rule of construction in such cases is, the intention of the parties at the time, and that intention can only be collected from all the circumstances of the case. I would ask how it is possible to read the covenant in this case, without being directed to the proper criterion of damages? I can conceive of no other interpretation which the instrument will legitamately bear, than that Foster claimed a credit of one hundred and fifty dollars upon the judgment of Childress, and that Childress agreed that in case he should issue execution upon said judgment before a certain time, that then it should be considered the amount of said credit, and that he would pay the same. If the covenant had merely contained a condition that, in case he should issue execution upon a judgment, and had not set forth the circumstance that Foster claimed cred-

its, it might have been insisted with some degree of plausibility, that the contract was merely to secure Foster against any sacrifice which might result from having his property sold by the sheriff, or to give him all advantages that might arise from the advance in its value; but when the contract shall be subjected to a critical examination, it will be found that no such considerations could have influenced the parties, and that they had nothing else in view but the credits to which Foster was entitled. The court will readily perceive that this is the only fair and rational construction that can be placed upon the instrument, and that necessity requires such a construction. The plaintiff in this suit was not obliged to commence his suit before the 1st day of March, 1839; and if he commenced it after that time he could not have claimed a view of the books of Childress. If there be any difficulty or hardship in this case, the defendant brought it upon himself, as he deliberately entered into the contract, and voluntarily and wrongfully committed a breach of it. There is no principle of law more generally recognised or more just in its spirit, than that no man shall take advantage of his own wrong. I think the court will be irresistibly driven to the conclusion that the parties foresaw the consequences of a breach of the covenant and assessed the damages themselves; the law is clear that they may do it. See *Comyn on Contracts*, 4, to 49. The next objection is, that, the circuit court refused to grant a new trial. The court will perceive by reference to the record that the only cause assigned why a new trial should have been granted is, that the court instructed the jury contrary to law. If this be a sufficient cause for a new trial, admitting it to exist, yet the defendant waived the advantage when he filed his motion in arrest of judgment and assigned the same causes, as the basis of said motion. The court will please refer to *Pothier on Obligations*, vol. 2, at the bottom of page 81 to 86, and more especially to the remarks of Mr. Justice *Heath*, on page 85, and also to the decision of Mr. Justice *Chambers*, who lays it down, that though in point of form the action was for damages, (which I presume have been concurrent,) yet if the parties are to be considered as having stipulated for certain damages, the jury ought to be directed to find damages to the amount of the whole sum agreed for, and the effect of the case must have been the same

as if the plaintiff had declared in debt for a penal sum.    The court is also referred to 15 *Johnson's Reports*, 201, *Hasbrouck vs. Tappan*, and they will there find that covenant is the proper remedy, the verdict being in damages.    If the court will take the eight first sections of the act concerning penal bonds, in the 609th page of Ball and Roane, it will be seen that bonds strictly penal, and not those where the damages are liquidated, are exclusively contemplated, as judgment in all is required to be entered for the penalty which shall stand as a security for all future breaches.    It must be obvious to the court that such would not be the effect of a judgment where the damages are liquidated, as the plaintiff is entitled to his execution forthwith for the entire sum.    I feel fully assured that, upon a critical examination of all the authorities referred to, that this case will be found to be clearly a case of stipulated damages, and that the instructions given by the circuit court to the jury, are fully warranted by the strict principles of law.

DICKINSON, J., delivered the opinion of the court:    -

As far as the parties pleaded over, the demurrers are virtually withdrawn; but to the plea, to which the demurrer was sustained, it is different; for, a demurrer, in whatever stage of the proceedings it is taken, reaches back, in its effect, through the whole record, and, in general, attaches ultimately upon the first substantial defect in the pleadings, on which ever side it may occur.    Thus, if the declaration is ill in substance, and the plea frivolous, as is contended by the plaintiff, and so decided by the court below, and demurrer joined on the plea, judgment must be given for the defendant.    For, though the issue is upon the plea only, and though that is worthless, yet a bad plea is sufficient for a bad declaration.    *Com. Dig. Pl. M.* 1, 2; 2 *Salk.* 519; 1 *Saund.* 285; *n.* (5); 1 *Strange*, 303; 2 *Wils.* 150; 10 *Wheaton*, 287.    Covenants are ' to be so expounded as to carry into effect the intention of the parties, and this intention is to be collected from the whole contents of the instrument, so as to make one entire and consistent construction of the whole; and be such as to support, rather than defeat the transaction. Now, what is the reasonable and common-sense construction of the deed?    That Childress and Foster had obtained a judgment against

Foster, upon an unliquidated claim, and to save further litigation, it was agreed that Foster himself, or any other person whom he might select for that purpose, should examine the books for the years 1836 and '7. And that the errors, if any, should be rectified. That, in the meantime, execution should not issue upon the judgment previous to the first of May, 1839, unless there was imminent danger of the debt being lost, by the insolvency of Foster, or otherwise. The deed itself, sealed by the party, carries with it evidence of consideration, and has for its object, *not* the performance of an act, *malum in se*, but the prevention of litigation and the advancement of justice. The question now is, are the breaches well assigned? It is not usual in covenants to set forth the penal part of a deed, though we are not prepared to say it vitiates the pleadings so far as to render the defect fatal. In setting out a contract, it is sufficient to state it according to its legal operations and effect. The allegation of breach must be governed by the nature of the stipulation. It should be assigned in the words of the covenant, either negatively, or affirmatively, or in words co-extensive with the import and effect of it, if, in so doing, a distinct breach is thereby shown. It is an established rule, that where a party, by his own contract, creates a duty or charge upon himself, he is bound to make it good, if he can. And when any thing is to be done by the plaintiff, before his right of action accrues upon the covenant, performance of that thing must be averred in the declaration. It has been settled by a long series of modern decisions, that no technical words are necessary to make a condition precedent or subsequent. And that the question, whether they are the one, or the other, is to be determined by the intention and meaning of the parties, as it appears on the instrument, and by the application of common-sense to each particular case; to which intention, when once discovered, all technical forms must give way. Where the right of action depends upon the performance of a condition precedent, by the plaintiff, if the declaration omits to allege performance, the omission is incurable, by verdict, 6 *T. R.* 710; *Com. Dig. Pleader C.* 69; 1 *Saund.* 320; 2 *B. and P.* 447; 7 *T. R.* 125. For, in every case of the kind, performance of the condition, or what is equivalent thereto, is of the *gist* of the action, and is, moreover, a distinct fact, which cannot be in-

ferred or presumed from the other facts necessary to be alleged. If performance, or what is equivalent thereto, be not alleged, the defendant may plead non-performance of the conditions precedent, in bar of the action, or take advantage of it on demurrer, or in arrest of judgment, if the omission appears on the record. It is true, that the breaches are set out, in the declaration, in the language of the covenant. But was there any act to be done by Foster before he was entitled to his action? Childress covenants that Foster, or any other person whom he may choose for that purpose, may examine his books for the years 1836 and '7, and that the errors there, if any, shall be rectified. As no time is stipulated, Foster would have until the first day of January, 1839; for it is evident, the issuing of the execution was to be deferred only to give time for the examination. There is no averment that Foster ever requested Childress to permit him to examine his books, or that he gave him notice that either he, Foster, or the person he had chosen, was ready and willing, and offered to make the examination, nor does he show any equivalent thereto. The breach is clearly insufficient, and, as the judgment must, on the whole, go against him who commits the first substantial fault in pleading, we are of opinion, that the judgment, upon the demurrer to the second plea, ought to have been, *not* for the plantiff, but for the defendant. The judgment is reversed, with costs, and this case remanded, with instructions to permit the parties to amend their pleadings, if leave is asked.