SOCUM v. HAUN *et al.*

**Conveyance: ACTION ON COVENANTS : PLEADING.** In an action for breach of the covenants of seizin, and that the grantor has good right and lawful authority to convey, it is sufficient to negative the words of the covenants in assigning a breach thereof.

*Appeal from Iowa Circuit Court.*

FRIDAY, JANUARY 25.

ACTION to recover upon the covenants of a deed for lands. A demurrer to the petition was sustained. Plaintiff appeals.

*Hedges & Murphy* for the appellant.

*J. N. W. Rumple* for the appellee.

BECK, Ch. J. — The covenants of defendants declared on are in these words : " That we are lawfully seized in fee sim-

ple of said premises; that we have good right and lawful authority to sell the same." The breach is alleged in the petition in these words: "At the time of the execution of the said deed by defendants they or either of them were not the true, lawful or rightful owners of said premises; nor had the defendants or either of them good right or lawful authority to sell the same."

The demurrer assailed the petition on the ground that it does not show "wherein defendants had not good right and lawful authority to sell the land," nor "wherein the defendants were not lawfully seized" thereof, neither is it shown "in what way the title to the land was held at the time of the execution of the deed or who had title to the same other than defendants." The objection raised by the demurrer is, in effect, that the petition is bad because it does not show the character of the adverse title and who holds it. But this is not required. It is sufficient to negative the words of the covenant declared on in assigning a breach thereof. This is unquestionably the rule applicable to the covenants set out in the petition. *Brandt* v. *Foster*, 5 Iowa, 287 (296); *Camp* v. *Douglass*, 10 id. 586.

The covenant of seizin relates to the title or right of the covenantor, and a breach is sufficiently assigned by an averment that he was not seized or that he had no title to the land. It is not necessary for that purpose to allege ouster or eviction. *Brandt* v. *Foster*, *supra*, p. 295. The averment in the petition that defendants were not "the true, lawful or rightful owners of the land," is a sufficient denial of defendants' right and title and a negation of the terms of the covenant of seizin. The breach of the other covenant is well averred by the negative use of the very words in which it is expressed.

The circuit court erred in sustaining the demurrer.

Reversed.