ROBERT MONTGOMERY *vs*. ISABELLA REED, administratrix.

Lincoln. Opinion June 4, 1879.

*Deed. Flats. Shore. Covenant of seizin,—breach of. Eviction. Warranty. Damages.*

In tide-waters the shore is the ground between the high and low water mark—the flats.

A call in a deed, commencing at a known monument and running thence in a certain course "to the shore of the Damariscotta river—thence northerly and westerly as the shore lies, around the head of a cove," etc., includes none of the shore or flats.

The owner of "flats" holds them subject to the rule that, until he shall build upon, or inclose them, the public have a right to use them for the purpose of navigation, while they are covered by the sea.

The right of the public thus to use them is not an incumbrance within the usual covenant against incumbrances.

The covenant of seizin in a deed of general warranty is broken when the deed is delivered, if the covenantor then had no title or possession.

A judgment in a civil action declaring certain erections upon flats to be a nuisance, does not constitute an eviction of the party in possession of the flats.

Eviction, actual or constructive, is essential to a breach of the covenant of warranty.

The rule of damages for breach of the covenant of seizin is the consideration and interest therein.

ON REPORT.

COVENANT BROKEN.

The declaration is sufficiently recited in the opinion, together with the pleadings.

The plaintiff introduced a deed of warranty, dated July 17, 1834, duly acknowledged and recorded, from Samuel Murray to Benjamin Reed, (defendant's intestate) conveying certain land situated on an inlet of the Damariscotta river, in Boothbay, the second and third calls in which were " thence north twenty-two degrees east seventeen and one-half rods to the shore of Damariscotta river—thence northerly and westerly, as the said shore lies, round a point of land and round the head of a cove to the northeast corner of land of," etc.

Also a deed of warranty, dated May 5, 1863, duly acknowledged and recorded, from Benjamin Reed to the plaintiff, of a

certain piece of flats, or known and used as a dock privilege, in said Boothbay—describing the premises by metes and bounds. The premises described are flats adjoining the land described in the former deed mentioned. The consideration of the deed purporting to convey the flats was two hundred dollars.

The remaining facts sufficiently appear in the opinion.

*J. Baker & O. D. Baker*, for the plaintiff.

*A. P. Gould & J. E. Moore*, for the defendant, submitted an elaborate brief, and, among others, argued the following propositions:

The right claimed by Hodgdon in his writ to the use of the waters of the stream and cove was not an incumbrance upon the title to the flats, and is not a breach of any of the covenants in Reed's deed. *Dunklee* v. *Wilton R. R. Co.*, 24 N. H. 487, 508. *Kellog* v. *Ingersoll*, 2 Mass. 97, 99. *Boston & Hingham S. B. Co.* v. *Munson*, 117 Mass. 34, 39. *Ballard* v. *Child,* · 46 Maine, 152. *Prescott* v. *Williams*, 5 Met. 429. Wash. Ease. (2 ed.), 276.

No eviction is alleged or proved. *Emerson* v. *Prop. in Minot*, 1 Mass. 464. *Marston* v. *Hobbs*, 2 Mass. 433. *Twambley* v. *Henley*, 4 Mass. 441. *Beara* v. *Jackson*, 4 Mass. 408. *Chapel* v. *Bull*, 17 Mass. 213. *Boothbay* v. *Hathaway*, 20 Maine, 251. 2 Wash. R. Prop. 717, 665*.

In case of breach of covenant of seizin the measure of damages is the consideration and interest. *Stubbs* v. *Page*, 2 Maine, 378. *Cushman* v. *Blanchard*, 2 Maine, 266. *Bickford* v. *Page*, 2 Mass. 455, 460, 461.

Virgin, J. This is an action of covenant broken, and comes before us on report.

Facts: Some four miles up from the mouth of the Damariscotta river is an inlet, in which the tide ebbs and flows eight to ten feet, extending westerly about one-fourth of a mile. A few hundred feet from the western shore of the river, a town way running northerly and southerly, parallel with the river, spans the inlet with a bridge. Immediately west of the bridge are Hodgdon's Mills, comprising a grist mill and saw mill, driven by the tide-water ponded by a dam. Next southeast of the bridge is

a cove, forming a recess of about one hundred feet in length and the same in width, in the southern shore of the inlet, the town way bounding it on the west.

On May 5, 1863, Benjamin Reed, the defendant's intestate, executed and delivered to the plaintiff a deed of warranty of so much of the " flats " in the cove as extended back sixty-four feet from its mouth, describing the same by metes and bounds.

Within three years next succeeding, the plaintiff filled up most of the flats described in the deed to him with piles, stone and earth and erected thereon two buildings.

Thereafterwards, on April 13, 1867, Caleb Hodgdon, proprietor of " Hodgdon Mills," sued the plaintiff in an action on the case under R. S. of 1857, c. 17, claiming that the erections on the " flats " were a nuisance. The writ contained two counts. One for obstructing the free course of the water from the grist mill, causing back-water and hindering the speed of the mill; and the other for depriving Hodgdon of the use of the cove for the storing of logs and lumber to be sawed, and for obstructing the passage of rafts, etc., to and from the saw mill.

At the October term, 1869, the defendant's intestate, having been notified of the pendency of that action, engaged counsel, caused witnesses to be subpœnaed, and he and his counsel actively participated and aided the plaintiff and his counsel in defending the action at the trial. The jury found the defendant in that action (present plaintiff) guilty; and found specially : (1). No damages for back-water thrown back upon the grist-mill; (2). Two hundred dollars for preventing use of the cove for storing logs and lumber to be sawed ; and (3). Twenty-five dollars for obstructing the passage of rafts and timber to the mill. At the April term, 1871, the buildings, etc., were declared to be a nuisance and ordered to be abated within sixty days ; which, however, was not done, as the matter was compromised by the parties.

On October 7, 1871, the plaintiff brought this action. The declaration contains two counts, which are substantially alike in their allegations. After setting out the execution and delivery of the deed by the defendant's intestate, with its consideration, description of premises, covenants of seizin, right to convey, freedom

from incumbrances and warranty; the filling up of the flats and the erections thereon by the plaintiff; the nuisance action, due notice of its pendency, etc., to the defendant; the declaration alleges that the defendant did not defend the premises to the plaintiff, but suffered judgment to be rendered in favor of Hodgdon against the plaintiff, and then proceeds as follows : " Which said suit the plaintiff could not defend by reason of a want of title in said premises in the defendant at the date of the said deed, the said defendant, at the time of the execution of said deed, having no right, title or interest in said premises, or to the possession thereof, or any part of the same ; and could and did convey no right, title or interest to said plaintiff; whereby said plaintiff has lost the consideration named in said deed and the interest thereon," etc., (setting out his damages) ; " and so the plaintiff says that the said defendant his covenant aforesaid has not kept but hath broken the same."

The defendant pleaded : (1). *Non est factum;* (2). *Non infregit conventionem ;* and (3). A brief statement alleging non-eviction of the plaintiff, and non-interruption of the plaintiff's right to use said premises according to the true intent and meaning of said grant.

The action is between the immediate parties to the covenants. The declaration is somewhat peculiar, but, as it negatives the language of the covenant of seizin, a breach of that covenant is sufficiently assigned, (*Blanchard* v. *Hoxie*, 34 Maine, 376,) although the pleader evidently undertook to assign a breach of the covenant of warranty. The plea, as before seen, is not the affirmative one of performance, but that he has " not broken his covenants," while the plaintiff, by his joinder, avers that he has ; and (as in *Boothbay* v. *Hathaway*, 20 Maine, 251, and *Bacon* v. *Lincoln*, 4 Cush. 212,) assumes the burden of establishing his allegation.

To sustain his allegation that the defendant had no seizin or title, he put in evidence a copy of a deed of warranty, dated July 17, 1834, duly acknowledged and recorded, from Samuel Murray to Benjamin Reed (defendant). The second call therein commences at a certain point south of the inlet and runs thence north twenty-two degrees east, seventeen and one-half rods, etc., " to

the shore of the Damariscotta river "—calling the inlet the river. The "shore" is the ground between the ordinary high and low water mark—the flats—and is a well defined monument. "To" is a word of exclusion when used in describing premises—"to" an object named excluding the terminus mentioned. *Bradley.* v. *Rice,* 13 Maine, 198. *Bonney* v. *Morrill,* 52 Maine, 256. "To the shore," then, includes no part of the "flats." The third call is "thence northerly and westerly, as the shore lies, round a point of land and round the head of a cove, to the northeast corner of land," etc.

This obviously does not include any of the shore or "flats" in the cove, for the line called extends along the outside limit or margin of the shore, or of high water mark. Thus a call—"to the margin of the cove, then westerly along the margin of the cove," etc., was held to bound by a line without the edge of the water, and that the flats were not included. *Nickerson* v. *Crawford,* 16 Maine, 245. See, also, *Storer* v. *Freeman,* 6 Mass. 436. *Bradford* v. *Cressy,* 45 Maine, 9.

To be sure, by force of the colonial ordinance of 1641, the owner in fee of upland adjoining tide waters, whether of sea or stream, became owner also of the adjacent flats one hundred rods in extent, if the tide ebbed and flowed that distance there; and a conveyance of upland bounded by such waters (and not by the shore) passed the grantor's title to the same extent. *Lapish* v. *Bangor Bank,* 8 Maine, 85. *Storer* v. *Freeman,* 6 Mass. 435. *Com.* v. *Alger,* 7 Cush. 63. *Clancey* v. *Houdlette,* 39 Maine, 451. But upland and flats may be severed by the owner. He may sell either or both or any part of each at pleasure. *Deering* v. *Long Wharf,* 25 Maine 51. *Com.* v. *Alger, supra.* Whether or not flats pass depends of course upon the descriptive terms of the conveyance, expressly or constructively embracing or excluding them.

The case also shows that a real action was commenced by *Hodgdon* v. *Montgomery,* and the defendant's intestate was vouched in at the October term, 1868, and appeared by his counsel, and at the October term, 1870, the plaintiff became nonsuit. This evidence tends to show that Hodgdon did not own the fee in

the flats, or he would have prosecuted this action instead of the other to judgment.

It appearing, then, that the defendant's intestate had no seizin at the time of the delivery of his deed to the plaintiff, the covenant was broken at that time ; although if he had been seized in fact, though not of an indefeasible estate, had been in possession even, the covenant would not have been broken. *Cushman* v. *Blanchard*, 2 Maine, 266. *Hacker* v. *Storer*, 8 Maine, 232. *Griffin* v. *Fairbrother*, 10 Maine, 95. *Boothbay* v. *Hathaway*, 20 Maine, 251. *Wilson* v. *Widenham*, 51 Maine, 566. And there is no pretense in the evidence that the defendant was in possession. If he were, he could have very readily overcome the negative testimony of the plaintiff.

Was the covenant of warranty broken? We think there is no evidence of it. The deed purported to convey certain "flats." Those flats were subject to a public easement—to the right of the public as an incident of the tenure by which such property is held by all. The owner may, however, erect wharves, piers, etc., upon his own flats, not, however, to the material interruption of general navigation. *Deering* v. *Long Wharf, supra*. *State* v. *Wilson*, 42 Maine, 9, 26. *B. & H. Steamboat Co.* v. *Munson*, 117 Mass. 34. Until so occupied the easement continues. Cases *supra*. Flats therefore are a peculiar property. Covenants in a deed conveying them are restricted to their peculiarity. *Ballard* v. *Child*, 46 Maine, 152. The judgment declaring the erections upon the flats a nuisance did not evict the plaintiff of the flats themselves. And until eviction, actual or constructive, there can be no breach of the covenant of warranty. The defendant's appearance to defend the action of nuisance made him privy thereto, and he is only concluded from disputing what such judgment ascertains. *Veazie* v. *Penob. R. R. Co.*, 49 Maine, 125. Rawle Cov. 227, note. The judgment in question ascertained only that the erections were a nuisance and obstructed the rights of Hodgdon.

The only remaining question is that of damages for breach of the covenant of seizin. And this is settled to be the considera-

tion and interest thereon. *Stubbs* v. *Page*, 2 Maine, 378. *Wheeler* v. *Hatch*, 12 Maine, 389.

> *Case to stand for the assessment of damages at nisi prius.*

APPLETON, C. J., WALTON, DANFORTH and PETERS, JJ., concurred.

LIBBEY, J., having formerly been of counsel, did not sit.