FALLER. v. DAVIS *et ux.*

No. 1172.   Opinion Filed September 26, 1911.

(118 Pac. 382.)

1.   **COVENANTS—''Covenant of Seisin''—Breach—''Covenant of Right to Convey.''**   Covenants of ''seisin'' and ''good right to convey'' are synonymous, and, if broken at all, are broken when made, and an actual eviction is unnecessary to consummate the breach.

2.   **SAME—Action for Breach—Pleading.**   In an action for breach of the covenants of seisin and good right to convey, an eviction need not be alleged; but it is sufficient in charging a breach to negative the words of the covenant generally.

3.   **PLEADING—Covenants—Action for Breach—Demurrer.**   Where, in an action brought by F. against D., charging that certain covenants contained in a deed of conveyance made by D. to F. were broken, neither the petition nor the exhibits thereto connects D. with the title of the original grantor, W., on demurrer to such petition, the court cannot properly determine the question of W.'s. right to alienate.

(Syllabus by Sharp, C.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by Perry Faller against J. O. Davis and wife. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Mitchell & Cox,* for plaintiff in error.

*J. O. Davis, W. L. McCann,* and *T. S. Cobb,* for defendants in error.

*James E. Gresham* and *A. A. Richards,.* Sp. Assts. U. S. Atty., *amici curiae.*

Opinion by SHARP, C.   The amended petition of plaintiff, filed June 15, 1908, omitting verification and exhibit, is as follows:

"Comes now the plaintiff, and for his cause of action against the said defendants alleges and states:

Opinion of the Court.

"(1) That on the 2d day of January, 1908, said defendants J. O. Davis and wife, Martha A. Davis, by their deed of that date, duly executed and delivered, purported to grant, deed, and convey all right, title, and interest to the following described property, to wit: The north half of the southwest quarter of section 22, township 9 north, range 5 east, Indian meridian. The same being the surplus allotment of one Simon Wolf, a Seminole Indian. As a consideration for the above-described property, the plaintiff, Perry Faller, by deed duly executed and delivered by him to defendants J. O. Davis and wife, Martha A. Davis, did grant, deed, and convey unto them the following described property, to wit: Lots five (5) and six (6), in block nine (9), Bath Heights addition to Oklahoma City, Oklahoma state, and lots twenty-three (23) and twenty-four (24), in block one, Partridge addition to Oklahoma City, Oklahoma state. The latter having thereon a building, the same being used as a dwelling house.

"(2) Plaintiff further states that the above-described warranty deed given by J. O. Davis and wife, Martha A. Davis, to the said plaintiff, Perry Faller, contained the following covenants, to wit: 'To have and to hold aforesaid premises to the said Perry Faller, his heirs and assigns forever, and I, the said J. O. Davis, for myself, my heirs and assigns, executors and administrators, do covenant with the said Perry Faller, his heirs and assigns, that I have a good right to sell said land, and that the same is free from incumbrances of any kind; and that I will, and my lawful heirs shall, forever warrant and defend the same against the unlawful claims of all persons whomsoever. And for the consideration aforesaid, I, Martha A. Davis, wife of said J. O. Davis, do hereby release and quitclaim unto the said Perry Faller, his heirs and assigns forever, all my right of dower, claim or possibility thereto, and of homestead in and to the aforementioned property. Witness our hands this second day of January, 1908.'

"A copy of the deed containing the above-mentioned covenant is hereto attached, marked 'Exhibit A,' and made a part hereof.

"(3) Plaintiff further states that the defendants J. O. Davis and wife, Martha A. Davis, have broken, violated, and failed to perform the above set out covenants for the reason that the defendants were not seised in fee simple of said premises, and that they did not have a good right to convey the same as aforesaid, as the title in fee simple to the above-described property was at the time and is now vested in one Simon Wolf, a Seminole Indian, or his heirs, or the United States government.

The above-described property being a part of the land allotted to the Seminole Indians, over whom the government still retains control.

"(4) Plaintiff further states that the reasonable value of the above-described property given as a consideration by the plaintiff to the defencants J. O. Davis and wife, Martha A, Davis, the sum of three thousand ($3,000) dollars, his damages so as that he has been damaged in that amount.

"(5) Wherefore, premises considered, plaintiff prays judgment against the said J. O. Davis and wife, Martha A. Davis, for the sum of 'three thousand ($3,000) dollars, his damages so as aforesaid sustained, with interest thereon at the rate of eight per cent. per annum from the 2d day of January, 1908, until paid, and for the costs of this suit, including an attorney's fee of $250."

The amendment to the amended petition, filed on September 26, 1908, omitting caption and verification, is as follows:

"Comes now the plaintiff, leave of court first had and obtained, and files this amendment to his amended petition as a part thereof, and in addition to the averments to the said amended petition avers and states:

"(1) That Simon Wolf, the Seminole allottee, referred to in said petition, was at and before the time he deeded and conveyed the land described in said amended petition an adult, and had prior thereto been enrolled as a half-blood Seminole citizen.

"(2) Amendment to paragraph 5, commencing after the word 'sustained' in the fourth line of said paragraph, inserting the following, to wit: 'By reason of the fact that he (plaintiff) was deprived of the use and also of the title to the aforementioned property given as a consideration for the deed made by J. O. Davis and wife, Martha A. Davis, defendants to the said plaintiff, which deed is void, and of no effect whatever.'"

On September 15, 1908, the case was dismissed as to defendant Martha A. Davis. On October 12, 1908, defendant J. O. Davis filed a general demurrer, raising only the one question that neither the amended petition, nor the amendment thereto, stated facts sufficient to constitute a cause of action in favor of plaintiff and against defendants. This demurrer was, on November 2, 1908, sustained, and, plaintiff having elected to stand on the sufficiency of his petition, judgment for costs was rendered against him.

The only question, therefore, for our determination is, Did the court err in sustaining the demurrer? Counsel have prepared and filed able and comprehensive briefs dealing with the question of the right of an adult half-blood Seminole Indian to execute a deed of conveyance to his alloted lands in the Seminole Nation; but, according to the view we take of the case, we cannot here, at this time, determine what rights, if any, Simon Wolf may have had to alienate his allotment, for the reason that defendant in error, neither in his amended petition nor in the amendment thereto, in any way connects himself with the title of the said Simon Wolf.

The lands conveyed by Davis and wife to plaintiff in error are referred to in the amended petition as the surplus allotment of Simon Wolf, a Seminole Indian. In his amended petition, plaintiff in error further states that the fee-simple title of the lands attempted to be conveyed to him by Davis and wife was, at the time of the conveyance and the filing of said petition aforesaid, in the said Simon Wolf, or his heirs, or the United States government. The amendment to the amended portion alleges:

"That Simon Wolfe, the Seminole allottee referred to in said petition, was at and before the time he deeded and conveyed the land described in said amended petition an adult, and had prior thereto been enrolled as a half-blood Seminole citizen."

In the deed from Davis and wife to the plaintiff in error, attached to and made a part of the amended petition, is to be found the following recital:

"The north half of the southwest quarter of section twenty-two, township nine north, range five east, Indian meridian, being the surplus allotment of Simon Wolf as a Seminole citizen, as more fully appears from his allotment certificates, and being the same tract in said section, bought from T. S. Cobb, on the 14th day of December, 1906, as shown in the Deed Records at Wewoka, Oklahoma, Vol. N, page 139, to which reference is made."

While this allegation is, perhaps, sufficient to show that defendant in error purchased the land above described from T. S. Cobb, it does not appear, either in such amended petition or in the exhibit thereto, that Simon Wolf conveyed said land to T. S.

Cobb, though it does appear in the first paragraph of the amendment to the amended petition that Simon Wolf had deeded and conveyed the land described, but does not allege that the conveyance so made was to T. S. Cobb, and we cannot indulge such a presumption. On this state of the record, we are not called upon to determine the question of the right of Simon Wolf to alienate his surplus allotment. With this question, then, disposed of, do the plaintiff's amended pleadings state a cause of action?

The deed given by Davis and wife to plaintiff in error contained the following covenants of warranty:

"Do covenant with the said Perry Faller, his heirs and assigns, that I have a good right to sell said land; that the same is free from incumbrances of any kind, and that I will, and my heirs shall, forever warrant and defend the same against unlawful claims of all persons whomsoever."

The deed contains no express covenant of seisin, but is a warranty deed, made in compliance with the requirements of chapter 18, of Comp. Laws 1909. Section 1202 of said statutes is as follows:

"Sec. 1202. Interest Conveyed by Warranty Deed.—A warranty deed, made in substantial compliance with the provisions of this act, shall convey to the grantee, his heirs or assigns, the whole interest of the grantor in the premises described, and shall be deemed a covenant on the part of the grantor, that at the time of making the deed he is legally seized of the indefeasible estate in fee simple of the premises and has good right and full power to convey the same; that the same are clear of all incumbrances and liens, and that he warrants (to) the grantee, his heirs and assigns, the quiet and peaceable possession thereof, and will defend the title thereto against all persons who may lawfully claim the same, and the covenants and warranty shall be obligatory and binding upon any such grantor, his heirs, and personal representatives, as if written at length in such deed."

From the foregoing section, it will be seen that a warranty deed made in substantial compliance with the statute shall be construed the same as if it contained an express warranty of seisin and right to convey, as well as certain other covenants of warranty; and the deed in this case must be construed as if each

of the said warranties were contained therein.   In *Clapp v. Herd-man,* 25 Ill. App. 513, it is said in this connection:

"The deed which appellants executed to appellee must, by the terms of the statute, be held to contain a covenant that at the time of the making and delivery thereof, they were 'lawfully seized of an indefeasible estate in fee simple in and to the premises therein described and had a good right and power to convey the same.'"

The statutory covenant is more comprehensive than the ordinary covenant of seisin, as used in ordinary conveyancing, and is not satisfied by seisin in fact or an actual possession to the grantee.   This covenant of seisin is, in legal effect, a covenant of title, and, though the maker of the premises conveyed, yet, unless by his deed he is invested with an inedefeasible estate in the premises, his covenant of seisin is broken, and the covenantee has the right at once to bring his action for the breach.   Tiffany on Real Property, secs. 394, 395; 4 Kent, Comm. 472; 11 Cyc. 1068 *et seq.; Greenby v. Wilcocks,* 2 Johns. (N. Y.) 1, 3 Am. Dec.· 379; *Brandt v. Foster,* 5 Iowa, 287.

Such being the law, when is a covenant broken?   In the United States a large majority of the courts have held that, if covenants of seisin are broken at all, they are broken as soon as made, and consequently cannot run with the land, nor pass to an assignee; in a few jurisdictions, however, the contrary view has been adopted, while in others statutes have been enacted which either, directly or indirectly, accomplish the same end. Among these states adopting the view that the covenant of seisin, if broken, is broken when made are:   Arkansas, California, Connecticut, Georgia, Iowa, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington.   Not being confined by any statute, and from the examination of the authorities we have made, we incline to the view observed in the great majority of the sister states, and believe that the reason for the rule there applied better comports with the conditions existing in this state, and that legal, and not actual, seisin should be looked to in determining whether or not the covenant of seisin is broken.

With this view of the law, it follows as a corollary that covenants of seisin and good right to convey are equivalent and synonymous.

Plaintiff, in his amended petition, alleges that neither the said J. O. Davis nor his wife, Martha A. Davis, when they executed their deed to plaintiff in error, had any title to the lands conveyed, and that they did not have a good right to convey the same, and that the fee was at the time either in Simon Wolf, his heirs, or the United States, and charges that the covenants of seisin and good right to convey were broken and violated. In actions for breach of the covenants of seisin and good right to convey, it is sufficient pleading to negative the words of the covenant generally. It is otherwise in the case of covenants against incumbrances, for quiet enjoyment, and of warranty; breaches of which must be specifically set forth. Rawle, Covenants for Title, secs. 61, 62; *Prestwood v. McGowin,* 128 Ala. 267, 29 South. 386, 86 Am. St. Rep. 136; *Childress v. Foster,* 3 Ark. 252; *Socum v. Haun,* 36 Iowa, 138; *Montgomery v. Reed,* 69 Me. 510; *Bacon v. Lincoln,* 4 Cush. (Mass.) 210, 50 Am. Dec. 765; *Evans v. Fulton,* 134 Mo. 653, 36 S. W. 230; *Lot v. Thomas,* 2 N. J. Law 407e, 2 Am. Dec. 354; *Mackey v. Collins,* 2 Nott & McC. (S. C.) 186, 10 Am. Dec. 586; *Koepke v. Winterfield,* 116 Wis. 44, 92 N. W. 437. While the amended petition and the amendment thereto are not as skillfully drawn as good pleadings demand, still a cause of action is stated, and the demurrer therefore was improperly sustained.

The judgment of the court below should be reversed, and the cause remanded for further proceedings in conformity with this opinion.

By the Court: It is so ordered.

All the Justices concur.