SCHIFF v. DIXON et al.

No. 33582. Feb. 6, 1951.

*227 P. 2d 639.*

T. Murray Robinson and Wallace Robertson, Oklahoma City, for plaintiff in error.

Person E. Woodall, Norman, for defendants in error.

WELCH, J. H. F. Schiff, grantee in a mineral deed, commenced action against Abraham L. Dixon, Emma M. Dixon, J. L. Landtroop, Whilma V. Landtroop, and Freida Irene Dixon, the grantors in the mineral deed, alleging a breach of warranty.

In his petition the plaintiff alleged that defendants executed and delivered to plaintiff a mineral deed purporting to convey to plaintiff an undivided 10/98.25 interest in the minerals in and under certain described land.

In addition to other matters the plaintiff alleged:

"That said defendants, and each of them, breached the warranty of title contained in said mineral deed, as of the date of the execution and delivery thereof, in that said defendants did not, either jointly or severally, own the fee simple title in or to the interest purported to be conveyed to plaintiff, but owned only a lesser interest therein, to-wit, a life estate in the defendant, Abraham L. Dixon, and a contingent remainder in the defendants, Whilma V. Landtroop and Freida Irene Dixon."

A copy of the deed is set forth as a part of the petition. The deed contains no words of limitation as to the quality of the estate in land that is being granted. In final paragraph the deed is as follows:

"To Have and To Hold The above described property and easement with all and singular the rights, privileges, and appurtenances thereunto or in any wise belonging to the said Grantee herein, his heirs, successors, personal representatives, administrators, executors, and assigns forever, and Grantor does hereby warrant said title to Grantee his heirs, executors, administrators, personal representatives, successors and assigns forever and do hereby agree to defend all and singular the said property unto the said Grantee herein his heirs, successors, executors, personal representatives, and assigns against every person whomsoever claiming or to claim the same or any part thereof."

The trial court sustained a demurrer to the petition and thereafter entered judgment in dismissal.

The question presented by this appeal is whether or not a cause of action was stated.

16 O. S. 1941 §29 provides:

"Every estate in land which shall be granted, conveyed or devised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

In 16 O. S. 1941 §40, it is provided that a warranty deed may be substantially in the form that is therein set forth. In the form, following the granting words and the blank space left as the place for filling in of description of the property being conveyed, there appears these words, "and warrant the title to the same." There follows this paragraph:

"To Have and to Hold said described premises unto said part____ of the second part, _____ heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature."

In 16 O. S. 1941 §19, in pari materia, it is provided:

"A warranty deed made in substantial compliance with the provisions of this chapter, shall convey to the grantee his heirs or assigns, the whole interest of the grantor in the premises described, and shall be deemed a covenant on the part of the grantor, that at the time of making the deed he is legally seized of an indefeasible estate in fee simple of the premises and has good right and full power to convey the same; that the same is clear of all incumbrances and liens, and that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession thereof, and will defend the title thereto against all persons who may lawfully claim the same, and the covenants and warranty shall be obligatory and binding upon any such grantor, his heirs and personal representatives as if written at length in such deed."

In the absence of express words of limitation, the estate purportedly grant-

ed and conveyed by the deed here involved, is an estate in fee simple, an estate of the same quality as that contemplated in the language of the statutory form of warranty deed. Under these circumstances the clause in the instant deed, "and grantor does hereby warrant said title to grantee," is of the same import and effect as the clause, "and warrant the title to the same," contained in the statutory form of warranty deed. Under the terms of section 19, supra, a deed containing such warranty clause and containing no words of limitation as to the quality of the estate purportedly conveyed, as the deed here involved, must be held to contain "a covenant on the part of the grantor, that at the time of making the deed he is legally seized of an indefeasible estate in fee simple of the premises and has good right and full power to convey the same, * * * as if written at length in such deed."

Under the statute, covenants of seisin and good right to convey are synonymous. Faller v. Davis, 30 Okla. 56, 118 P. 382; Arnold v. Joines, 50 Okla. 4, 150 P. 130. If a deed contains an assurance to the purchaser that the grantors have the very estate in quality which they purport to convey, and in fact the grantors have a lesser estate, such covenant is considered broken as of the time of execution and delivery of the conveyance.

The defendants cite 14 Am. Jur. Covenants §69 as containing a statement of law applicable herein. The statement referred to begins:

"The obligation in a general warranty of title is not that the covenantor is the true owner or that he is seised in fee, with right to convey. but that he will defend and protect the covenantee against the rightful claims of all persons thereafter asserted. Such covenant is prospective in nature and is broken only by an eviction under a paramount title existing at the time of the conveyance, or what in contemplation of law is equivalent to an eviction, and not until then, except in exceptional cases, does the covenantee, his heirs, or assigns have any right of action on the covenant. * * *"

In the light of the statutory provisions, supra, the cited text statement concerning covenants of general warranty has no application.

In this state, by the terms of statute, section 19, supra, an obligation in a general warranty of title is that the covenantor is seised in fee with right to convey. In Faller v. Davis, supra, in the syllabus it is said:

"Covenants of 'seisin' and 'good right to convey' are synonymous, and, if broken at all, are broken when made, and an actual eviction is unnecessary to consummate the breach.

"In an action for breach of the covenants of seisin and good right to convey, an eviction need not be alleged; but it is sufficient in charging a breach to negative the words of the covenant generally."

Under the allegations of plaintiff's petition the defendants had respectively a life estate and contingent remainders at the time of execution of the conveyance to the plaintiff and such interests of the defendants in aggregate were less than an estate in fee simple. All this is specifically alleged in the petition and by demurrer it is admitted to be true for the purposes of the demurrer. These allegations negative the covenant of general warranty as contained in the deed and are sufficient to charge a breach thereof. It was error to sustain the demurrer to plaintiff's petition.

The judgment is reversed.