470 P.2d 403

Gerald J. CREASON and Viola M. Creason, and Hallmark Constructors, Inc., a corporation, Plaintiffs and Respondents,

v.

Arnt LeRoy PETERSON and Ruby W. Peterson, his wife, Defendants and Appellants.

No. 11878.

Supreme Court of Utah.

June 3, 1970.

---

Richard C. Howe, Murray, for appellants.

Gerald E. Nielson, John Preston Creer, Salt Lake City, for respondents.

CROCKETT, Chief Justice:

Defendants Peterson deeded to the plaintiffs by a metes and bounds description a tract of land containing about one acre located on Ninth East near 5600 South in Murray, Utah. Subsequently, in connection with a sale to a third party, plaintiffs discovered that there was a variance of a few

feet between the property lines as described in the deed and the actual fence lines on the property as they thought they had purchased it. They then demanded that the defendants cure the defects, which the latter failed to do. Plaintiffs then set about obtaining quitclaim deeds from the neighbors to accomplish that purpose, and sued the defendants for breach of warranty. It appearing that any actual loss of property to the plaintiffs was practically negligible, the trial court allowed recovery only for $720 attorneys' fees.

Defendants appeal contending (1) that there was no breach of warranty; and (2) that in any event, the alleged expense of attorneys' fees incurred by plaintiffs was neither necessary nor reasonable.

 Defendants' argument as to (1) above is that there was no breach of warranty because the plaintiffs had peaceable possession and enjoyment of the property without any eviction or threat thereof. With this we do not agree. The majority rule, with which we are in accord, is that there is a breach of warranty when it is shown that the grantor did not own the land that he purported to convey by the warranty deed description.[1] The covenants involved are of seizin and of good right to convey the property, which for the purposes considered in this case, are synonymous; and the breach thereof is made out by a showing that those rights did not exist in the grantor,[2] and it is not necessary to show an actual eviction or threat thereof.[3] However, even though the grantee is entitled to the peaceable possession and enjoyment of the property he purchases in accordance with the warranties,[4] he is entitled only to the damage he suffers as a result of the breach thereof, but this includes taking such measures as are reasonable and necessary to clear up any difficulty which would represent a substantial flaw in his title.

Prior to 1943 the property in question was held by Frank M. Alpaugh. He had acquired it as a part of a larger tract in 1920 by warranty deed from R. A. and

1. 6 Powell on Real Property, Sec. 905 (1969).

2. Wilson v. Forbes, 13 N.C. 30 (1928) and Note, 125 Am.St.Rep. 443, 455 (1909).

3. Schiff v. Dixon, 204 Okl. 112, 227 P.2d 639 (1951); Faller v. Davis, 30 Okl. 56, 118 P. 382 (1911); Anderson v. Larson, 177 Minn. 606, 225 N.W. 902 (1929); Fender v. Farr, 262 S.W.2d 539 (Tex.Civ.App.1953); Russell v. Belsher, 221 Ala. 360, 128 So. 452 (1930).

4. See Sec. 57–1–12, U.C.A.1953: "Such deed when executed as required by law shall have the effect of a conveyance in fee simple * * * with covenants from the grantor, that he is lawfully seised of the premises; that he has good right to convey the same; * * * that the grantor will forever warrant and defend the title thereof in the grantee against all lawful claims whatsoever."

Clara T. Howe. The description of the 1920 deed read as follows:

Beginning at a point in center of intersection of 55th South and 9th East streets, point being 13.25 chains west from the south-east corner of the north-east ¼ of the north-west ¼ of Section 17, Township 2 South, Range 1 East, Salt Lake Meridian, thence north along center of 9th East street, *9.20 chains; thence north 84 deg. east along line of fence 319.5 feet;* thence south 9.72 chains, more or less, to center of County road and 40 line; thence west along center of road 319.5 feet to the place of beginning. (Emphasis added.)

The difficulty giving rise to this lawsuit stems from the fact that in 1943 Frank M. Alpaugh divided the property and deeded this smaller tract to the defendants Peterson by meets and bounds description, but without the emphasized reference to the fence line (a reference which had been in every conveyance of the larger tract back as far as 1875). In 1963 the Petersons conveyed to the plaintiffs Creason (Hallmark Constructors, Inc., a corporation owned by them) by a similar warranty deed without referring to the fence line. The absence of the fence line reference in that 1943 deed would cause a shift of the tract, compared to what it would be according to the survey, a short distance north of the tract as it would be as tied to the fence lines, as shown by the subjoined diagram.

It will be noted that the new survey line would place the north boundary about 4.5 feet beyond (north of) the north fence line, which would gain that strip for the subject property; whereas on the south boundary, the new survey line would lose a strip for the subject property. However, on the south side the fence includes a strip beyond (south of) the survey line, which varies in width from 3.7 to 7.8 feet. The plaintiffs thus gain on that side by going by the fence line; and similarly on the east side because the fence line is 2.5 feet beyond (east of) the survey line. Any deficiency in land on the north side is substantially offset by gains on the east and south. Plaintiff raises no controversy over the north boundary because of the facts above recited: the immemorial existence of the fence, the fact that it had been referred to in calls in conveyances so many years back, and that neither he nor any predecessor in title had ever claimed the property except in accordance with the long established fence lines. In such circumstances we can see no reason why the plaintiff would not have prevailed in any contest with the neighbors on the east and the south. This is particularly so as to the neighbor on the south, Mr. Tad Aoki, because he was a subsequent grantee of plaintiff's grantor, Frank M. Alpaugh. It was undoubtedly for these reasons that it does not appear that Mr. Creason had any difficulty in obtaining quitclaim deeds from those neighbors. However, to Mr. Aoki he did pay the sum of $50.

When the foregoing facts are considered in the light of the well settled rule of law that conveyances of property are to be construed in accordance with the intentions of the parties,[5] the refusal of the trial court to award damages for any deficiency in conveyance of land seems amply justified.

The remaining problem relates to the award of attorneys' fees to the plaintiffs in the sum of $720. As above noted, inasmuch as it is shown that there was a technical defect in the title, the plaintiffs would be justified in doing whatever was reasonable and prudent to clear it up; and if this involved the necessity of employing an attorney, the reasonable expense therefor would be compensable.[6] In connection with the plaintiffs Creasons' projected sale of this property there were other matters of dispute, including whether water rights were to be conveyed; and this record is so uncertain on the questions as to whether the attorneys' fee claimed by plaintiff was

---

5. Wood v. Ashby, 122 Utah 580, 253 P.2d 351 (1952); Gardner v. Fliegel, 92 Idaho 767, 450 P.2d 990 (1969); Hogan v. Blakney, 73 Idaho 274, 251 P.2d 209 (1952).

6. See Van Cott v. Jacklin, 63 Utah 412, 226 P. 460 (1924).

**310**

necessary and/or reasonable in relation to the difficulty concerning the discrepency in title discussed herein, that in our opinion justice requires that the case be remanded for a trial and determination of that issue.

The judgment is affirmed except as to the remand for that purpose. The parties to bear their own costs.

CALLISTER, TUCKETT and ELLETT, JJ., concur.

HENRIOD, Justice (concurring).

I concur for the reason that there was an obvious breach of warranty, that the grantees were required to clear the title, which they did, and that the grantors should pay the reasonable expense thereof, —which is the only question to resolve on remand.